

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 03-30063 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| LENFORD NEVER MISSES A SHOT, Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to sexual abuse and, on May 11, 2004, was sentenced to 210 months custody followed by three years supervised release. He filed a motion (CIV 04-3024) to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, relying upon the decision of the United States Supreme Court in Blakely v. Washington, 124 S.Ct. 2531 (2004). The petition was summarily dismissed because Blakely had not been found to be retroactive on collateral review to cases that were final when Blakely was decided.

Defendant filed a second motion (CIV 06-3019) to vacate, alleging ineffective assistance of counsel and that he was incompetent to enter a plea. That motion was summarily denied because he did not comply with Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts which requires an order from the Court of Appeals authorizing a second or successive petition and because the motion was untimely.

Defendant has now filed a motion for a copy of the presentence investigation report, all court transcripts, the DNA test results, and the sentencing guidelines. Congress specifically authorized, in limited circumstances, the provision of transcripts to indigent defendants seeking to challenge their convictions and sentences:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

18 U.S.C. §753(f).

Defendant's criminal case is closed. There is no pending motion to vacate. Defendant must first file a motion to vacate and then seek leave of court to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). *See also,* Jihad v. Hvass, 267 F.3d 803, 806-807 (8th Cir. 2001) ("lack of a trial transcript does not preclude a petitioner from commencing post-conviction proceedings"). Defendant's request for a free transcript and other documents prior to obtaining authorization from the Court of Appeals to file an untimely second or successive motion to vacate under § 2255 is premature. United States v. Long, 601 F.2d 351, 352 (8th Cir. 1979).

Defendant may contact the Clerk's office to make arrangements to prepay for a copy of his transcripts. He may not obtain a copy of his presentence investigation report.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 48, for a copy of transcripts and other documents is denied.

Dated this 4th day of April, 2011.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
DEPUTY
(SEAL)

2